UNITED STATES *v.* I. MAGNIN & Co., INC. (No. 3597)[1]

---

[1] T. D. 46394.

United States Court of Customs and Patent Appeals, April 24, 1933

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty*, special attorney of counsel), for the United States.

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellee.

[Oral argument April 6, 1933, by Mr. Lawrence and Mr. Baldwin]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The Government here appeals from a judgment of the United States Customs Court, First Division, sustaining the protest of appellee.

The merchandise involved was entered at the port of San Francisco on September 10, 1930, and consists of certain bath salts which were classified by the collector and assessed with duty as perfumed bath salts under the provisions of paragraph 61 of the Tariff Act of 1930. Said paragraph reads as follows:

PAR. 61. * * * bath salts, if not perfumed, 25 per centum ad valorem; if perfumed (whether or not having medicinal properties), 75 per centum ad valorem.

Appellee duly protested such classification and assessment with duty, claiming the merchandise to be dutiable under said paragraph 61 as bath salts "not perfumed."

No testimony was taken in the court below, but the cause was submitted upon the following stipulation:

* * * the bath salts in issue consist of pure Baden-Baden bath salts to which have been added the natural ingredients of the Black Forest pine needles, which impart the odor of pine to the salts, there being no artificial scent added, * * *.

The lower court, upon this stipulation, sustained the protest of appellee and entered judgment accordingly. From such judgment the Government takes this appeal.

It is the Government's contention that the presumption of correctness of the collector's classification of the merchandise has not been overcome by said stipulation, and further that, in view of said stipulation, the bath salts in question should be held to be perfumed.

In support of said second contention the Government cites the following dictionary definitions of the word "perfume."

Webster's New International Dictionary:

To give forth a sweet odor, as of incense. * * * To fill or impregnate with an agreeable odor, as that of incense, flowers, etc.; to scent * * *. A substance that emits an agreeable odor.

Fünk & Wagnalls' New Standard Dictionary:

1. A pleasant odor, especially from flowers; as, the air is laden with *perfume*.
2. A fragrant substance or mixture prepared to emit a pleasant odor.

The Oxford Dictionary:

1. Impregnated with sweet odour; scented.
2. Having a natural perfume; fragment or sweet-smelling; scented.

Appellee, upon the other hand, contends that said stipulation fully supports the judgment entered by the lower . court, and that the addition to the bath salts of the natural ingredients of the Black Forest pine needles, imparting the odor of pine to the salts, does not render the salts perfumed.

In this we are clear that appellee is mistaken.

In the Condensed Chemical Dictionary (1930), published by the Chemical Catalog Co. (Inc.), various kinds of pine-needle oil are described, and at the end of such descriptions, on page 362, we find the following: "Uses: Perfumery; medicine." In Thorpe's Dictionary of Applied Chemistry (1928), volume 5, page 95, we find the following under the heading "Perfumes (Synthetic)":

The list of substances used in the compounding of perfumes is a long one. The most important of these are as follows:
\* \* \* Pinene, with its characteristic odour of pine needles, is the chief constituent of pine-needle oil; \* \* \*

The rule is well established that the collector's classification carries with it the presumption that he found all the necessary facts to exist which brought the goods within that classification, and that to overcome such presumption the burden is upon the protestant to establish, *prima facie*, that the collector was wrong. *United States* v. *Lilly & Co.*, 14 Ct. Cust. Appls. 332, T. D. 41970.

In view of the quotations from the scientific authorities above cited, we must hold that the stipulation upon which the case was submitted to the lower court is not sufficient to overcome the presumption of correctness of the collector's classification of the merchandise here in question, and that the protest of appellee should have been overruled.

Appellee relies upon the case of *United States* v. *Franklin*, 19 C. C. P. A. (Customs) 65, T. D. 44896, in which we held that certain capsules containing a certain percentage of pine-needle oil and used in the bath were not toilet preparations under the provisions of paragraph 62 of the Tariff Act of 1922, but were medicinal preparations under paragraph 5 of the same act.

With respect to said case, we would observe that said decision was rendered upon the evidence in the record in that case, and we did not there decide that all preparations containing pine-needle oil were medicinal preparations. We would further observe that paragraph

61 of the Tariff Act of 1930, here involved, is radically different from its predecessor, paragraph 62 of the Tariff Act of 1922. Said paragraph 61 of the act of 1930 specifically provides that bath salts, if perfumed, "whether or not having medicinal properties," shall bear the rate of duty therein provided for.

However, it is unnecessary for us to construe the last foregoing quotation from said paragraph 61 of the Tariff Act of 1930, for we are clear that the stipulation upon which the case at bar was submitted is not sufficient to overcome the presumption of the correctness of the collector's classification of the merchandise here involved.

The judgment of the United States Customs Court is *reversed*.